NICOLÁS ORTIZ LEBRÓN, Appellant, *v.* ACTING REGISTRAR OF PROPERTY OF GUAYAMA, Respondent.

No. 1112.   Submitted November 2, 1942.—Decided November 17, 1942.

*Víctor M. Pons* for appellant.

MR. JUSTICE DE JESÚS delivered the opinion of the court.

By deed No. 111 of July 30, 1942, executed before Notary Víctor M. Pons Gil, José Ramón Díaz Benítez constituted a voluntary mortgage on a property belonging to him in favor of the appellant to secure a loan for the sum of $500, with interest and attorney's fees, in case of a judicial claim, and for these two items he fixed the amounts of $100 and $200, respectively. Upon presentation of the deed for record in the registry of property, the registrar recorded the same

"with the curable defect that the appraisal of the property was not legally accepted by the creditor." From this note the mortgage creditor has taken the present appeal.

██ Section 127 of the Mortgage Law, as amended by Act No. 69 of May 2, 1931 (Laws of 1931, p. 432), in its pertinent part provides as follows:

"Art. 127. The mortgage deed shall state the value *at which the contracting parties appraise the estate,* in order that it may serve as a basis for the first public sale which may be made, in the event that, the term of the loan having expired, the registry of the property does not show the payment of said loan." (Italics ours.)

The above provision was included in the Mortgage Law for the Overseas Provinces, the only difference being that where it now says "first public sale" it previously said "only public sale," and it remained in force in the Island until, by virtue of the provisions of "An Act relating to judgments and the manner of satisfying them," approved March 9, 1905 (Comp. Stat. 1911, §§5295–5303, C. Civ. Proc., 1933 ed., p. 123), it became unnecessary to state the upset price in the mortgage deed, since in accordance with the above-mentioned act, only one public sale should be held in a summary foreclosure proceeding as in the case of judicial sales executed in an ordinary action.

It is curious that the provisions contained in §127 did not exist in the Mortgage Law for the Peninsula; but when the Mortgage Law of December 16, 1909, was enacted in that country, said provisions were included, in substance, in §§130 and 131 of said Law, and in §201 of the Regulations.

It will be noted that §127 of our present law does not state that the appraised value shall be fixed by the creditor or by the debtor separately, but it expressly provides that "the mortgage deed shall state the value at which *the contracting parties* appraise the estate," that is, that said value should be fixed by mutual agreement between the debtor and the creditor. Section 130 of the present Spanish Law sub-

stitutes the words "contracting parties," appearing in our law, with "interested parties," but it is clearer in subdivision 9 of §131 where it says that "the value *fixed* in the mortgage deed shall serve as a basis for the public sale," and it is still clearer in subdivision 3 of §201 of the Regulations which provides that "the first public sale shall be held taking as a basis the value stated in the deed *by the mortgagor and the mortgage creditor.*"

Therefore, we have no doubt that the deed giving rise to the decision appealed from, executed, as we have seen, on July 30, 1942, and from which it does not appear that the appraised value for the public sale was fixed by agreement with the mortgage creditor—that is, that the value was not fixed by the *contracting parties*—violates §127. And now we ask: Does that violation render the obligation void?

In volume 8, page 72 of his work *El Derecho Hipotecario en Cuba, Jurisprudencia Civil en Materia Hipotecaria,* Angel Clarens cites to that effect the judgment of June 11, 1902, of the Supreme Court of Cuba, which, in construing the same legal precept involved herein, laid down the following doctrine:

"Although the Mortgage Law provides that in constituting a mortgage the value at which the contracting parties appraised the mortgaged estates, shall be stated therein, however, there is no legal provision whatsoever, either in that law or in the Civil Code, whereby the omission of that condition would render the contract void, and therefore, once the mortgage is recorded, the omission of said condition does not, by itself, invalidate said deed, and hence the same cannot be declared void."

In the case of *Emanuelli* v. *District Court,* 49 P.R.R. 756, this court, referring to the omission of the appraised value in the mortgage deed, said:

"If it does not appear, the contract will not be avoided on that account, but the creditor can not foreclose his credit by the summary proceeding provided by the Mortgage Law and supplemented by its regulations."

If the obligation is not rendered void, then, of course, the omission can not be regarded as an incurable defect. But can it be considered a curable defect, as was held by the registrar? In our opinion it can not, since according to §65 of the Mortgage Law curable defects are those which affect the validity of an instrument without necessarily producing the nullity of the obligation therein constituted, and the defect in this case obviously does not affect the validity of the deed.

In his work *Legislación Hipotecaria,* under the title "Defects of Titles which really do not exist and are neither curable nor incurable," Morell states at volume 3, page 226, the following:

"The act or contract is not necessarily void by its nature, or by its conditions, or by incapacity of the parties; neither is the title affected by a defect such as would render the same a private instrument, without force or effect, and it does not appear either from the registry or from the specific provisions of the Mortgage Law, nor from other special laws that there is sufficient cause to deny recording thereof. However, there exist faults or defects less serious. Should they all be treated alike, regarding them as curable defects, and deny their record in the registry unless cautionary notices are entered, until the defect, whether slight or serious, is cured? Certainly not. As we have said, there are defects of slight importance, omissions of requisites or formalities which do not preclude or withhold the recording of the instrument."

In harmony with the foregoing the same author, on page 233 of the text cited, expresses himself as follows:

"The order of February 11, 1911, holds that where the domicile of the debtor and *the value of the estate* do not appear from the mortgage deed, such omission does not constitute a defect which would prevent the record of the deed, although in such case the summary proceeding provided by Section 130 of the new law does not lie." (Italics ours.)

If it is noted that subdivision 9 of §42 of the Spanish Mortgage Law, unlike our statute, provides that a curable

defect does not permit the record of an instrument, but only produces an entry of a cautionary notice, it will be understood that since it was held in the order of February 11, 1911, that the omission involved herein "does not constitute a defect which would prevent the recording" then said omission is not a curable defect, but one of the less serious faults which do not constitute curable or incurable defects.

Although the failure to state in the mortgage deed that the upset price was fixed by mutual agreement between the debtor and the creditor is an error which should not be committed by the notaries, however, since it is not a curable defect, inasmuch as it does not affect the validity of the instrument, the decision appealed from must be reversed and the record of the instrument ordered without a curable defect.